1   Richard J. Grabowski (SBN 125666)
    rgrabowski@jonesday.com
2   Mark A. Finkelstein (SBN 173851)
    mafinkelstein@jonesday.com
3   Mark L. Blake (SBN 253511)
    mblake@jonesday.com
4   JONES DAY
    3161 Michelson Drive
5   Suite 800
    Irvine, CA  92612.4408
6   Telephone:   +1.949.851.3939
    Facsimile:   +1.949.553.7539
7
    Attorneys for Plaintiff
8   EPICOR SOFTWARE
    CORPORATION
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13

14   EPICOR SOFTWARE                     Case No. 8:13-cv-00448-CJC-RNBx
     CORPORATION, a Delaware
15   corporation,                        **PLAINTIFF EPICOR SOFTWARE
                                         CORPORATION'S
16              Plaintiff,               MEMORANDUM OF POINTS
                                         AND AUTHORITIES IN
17        v.                             OPPOSITION TO DEFENDANTS'
                                         MOTION TO STRIKE AND
18   ALTERNATIVE TECHNOLOGY              DISMISS CLAIMS PURSUANT TO
     SOLUTIONS, INC., a California       FRCP 12(b)(6)**
19   corporation; VIVIAN KEENA,
     DONNA BARNETT, EDWARD               Hearing Date:  April 6, 2015
20   CLEARY, MARK STUVETRAA,             Time:             1:30 p.m.
     ALLAN WARD, SASSAN                  Courtroom:      9B
21   YAZDPOURI and DOES 1 through 10,    Honorable Cormac J. Carney
     inclusive,
22
                Defendants.
23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................... 1

II.  BACKGROUND ................................................................................... 3

III. LEGAL STANDARD ........................................................................... 5

IV.  ARGUMENT ........................................................................................ 7

    A.   SUPERSESSION OF CLAIMS UNDER CUTSA ............................ 7

        1.   Section 3426.7 Controls Supersession ....................................... 7

        2.   CUTSA Supersedes Claims That Are Not Materially
        Different From Trade Secret Claims ........................................... 7

        3.   CUTSA Does Not Supersede Claims Going Beyond
        Trade Secret Misappropriation .................................................... 8

    B.   DEFENDANTS' INCORPORATION BY REFERENCE
    ARGUMENT FAILS ....................................................................... 10

    C.   CUTSA DOES NOT SUPERSEDE THE CHALLENGED
    CLAIMS BECAUSE THOSE CLAIMS ARE NOT
    RESTATEMENTS OF THE TRADE SECRETS CLAIM ............... 12

        1.   The Trade Secrets Claim Only Places At Issue
        Misappropriation of Documents Containing Customer
        Lists, Pricing Information, and Business Methodologies
        and Strategies ............................................................................ 12

        2.   CUTSA Does Not Supersede The Second Claim For
        Relief For Intentional Interference With Epicor's License
        Agreements ................................................................................ 13

        3.   CUTSA Does Not Supersede The Fifth Claim for
        Common Law Trademark Infringement ..................................... 16

        4.   CUTSA Does Not Supersede The Seventh Claim For
        False Advertising ....................................................................... 18

        5.   CUTSA Does Not Supersede The Tenth Claim for
        Trespass to Chattels ................................................................... 18

        6.   CUTSA Does Not Supersede The Twelfth Claim for
        Unlawful and Fraudulent Business Practices in Violation
        of the UCL ................................................................................ 19

        7.   CUTSA Does Not Supersede The Thirteenth Claim For
        Relief for Unjust Enrichment/Restitution .................................. 21

    D.   DEFENDANTS' AUTHORITIES DICTATE AGAINST
    SUPERSESSION ............................................................................ 22

    E.   DEFENDANTS' RED-HERRINGS SHOULD BE REJECTED ...... 23

    F.   DEFENDANTS' AUTHORITIES DO NOT SUPPORT
    DISMISSING A CLAIM WITH PREJUDICE ............................... 24

V.   CONCLUSION ................................................................................... 25

1

## <u>TABLE OF AUTHORITIES</u>

2

3                                                                              **Page**

4    **CASES**

5    *Angelica Textile Servs., Inc., v. Park*,

6        220 Cal. App. 4th 495 (2013) ....................................................... 9, 17, 19

7    *Banks.com, Inc. v. Keery*,

8        No. C 09-06039 WHA, 2010 WL 727973 (N.D. Cal. March 1,

9        2010) ................................................................................................. passim

10   *Bell Atlantic Corp. v. Twombly*,

11       550 U.S. 544 (2007) ..................................................................................... 7

12   *Butler v. Los Angeles Cnty*,

13       617 F. Supp. 2d 994 (C.D. Cal. 2008) ....................................................... 17

14   *Kwikset Corp. v. Superior Court*,

15       51 Cal. 4th 310 (2011) ................................................................................ 11

16   *Cahill v. Liberty Mut. Ins. Co.*,

17       80 F.3d 336 (9th Cir. 1996) .......................................................................... 6

18   *Catholic League for Religious and Civil Rights v. City and Cnty of*

19       *S.F.*,

20       567 F.3d 595 (9th Cir. 2009) ........................................................................ 6

21   *Cellular Accessories for Less, Inc. v. Trinitas LLC*,

22       No. CV 12-06736 DDF, 2014 WL 4627090 (C.D. Cal. Sept. 16,

23       2014) ........................................................................................................... 10

24   *Cole Asia Bus. Ctr., Inc. v. Manning*,

25       No. CV 12-00956 DDP, 2013 WL 3070913 (C.D. Cal. June 18,

26       2013) ................................................................................................... 9, 19, 24

27   *Digital Envoy, Inc. v. Google, Inc.*,

28       370 F. Supp. 2d 1025 (N.D. Cal. 2005) ..................................................... 25

*Epicor Software Corp. v. Alternative Tech. Solutions, Inc.*,
   No. SACV 13-00448-CJC(RNBx), 2013 WL 2382262 (C.D. Cal.
   May 9, 2013) (J. Carney) ........................................................................ 6

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................. 3

*Garber v. Heilman*,
   No. CV 08-3585-DDP (RNB), 2009 WL 409957 (C.D. Cal. Feb.
   18, 2009) ............................................................................................... 7

*Gilligan v. Jamco Dev. Corp.*,
   108 F.3d 246 (9th Cir. 1997) ................................................................ 6

*Heller v. Cepia, LLC*, No. C 11-01146 JSW, 2013 WL 13572 (N.D.
   Cal. Jan. 4, 2012) .............................................................................. 23

*K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*,
   171 Cal. App. 4th 939 (2009) .................................................... passim

*Kovesdy v. Kovesdy*,
   No. C 10-02012 SBA, 2010 WL 3619826 (N.D. Cal. Sept. 13,
   2010) ................................................................................................ passim

*Lee v. City of L.A.*,
   250 F.3d 668 (9th Cir. 2001) ................................................................ 6

*MedioStream Inc. v. Microsoft Corp.*,
   869 F. Supp. 2d 1095 (N.D. Cal. 2012) ........................................ passim

*Moyo v. Gomez*,
   32 F.3d 1382 (9th Cir. 1994) ................................................................ 6

*OSU Student Alliance v. Ray*,
   699 F.3d 1053 (9th Cir. 2012) .............................................................. 7

*Phoenix Techs. Ltd v. DeviceVM*,
   No. C 09-04697 CW, 2009 WL 4723400 (N.D. Cal. Dec. 8, 2009) ........... passim

*Robert Half Int'l, Inc. v. Ainsworth*,
    No. 14-CV-2481-WQH (DHB), 2014 WL 7272405 (S.D. Cal. Dec.
    17, 2014) ....................................................................................................... 8, 9

*Rovince Int'l Corp. v. Preston*,
    No. CV 13-3527 CAS, 2013 WL 5539430 (C.D. Cal. Oct. 7, 2013)
    ...................................................................................................... 11, 15, 16

*Silvaco Data Systems v. Intel Corp.*,
    184 Cal. App. 4th 210 (2010) ................................................................... 11, 16

*SunPower Corp. v. SolarCity, Corp.*,
    No. 12-CV-00694-LHK, 2012 WL 6160472 (N.D. Cal. Dec. 11,
    2012) ......................................................................................................... passim

*Titan Global LLC v. Organo Gold Int'l., Inc.*,
    No. 12-CV-2104-LHK, 2012 WL 6019285 (N.D. Cal. Dec. 2,
    2012) ......................................................................................................... passim

*Wang v. Palo Alto Networks, Inc.*,
    No. C 12-05579 WHA, 2013 WL 1410346 (N.D. Cal. Jan. 31,
    2013) ................................................................................................................ 10

**STATUTES**

§ 17200 of the Business and Professions Code ....................................................... 1, 3

§ 17500 of the Business and Professions Code ................................................... 1, 3, 20

California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.* ............... 1, 17

Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a) ............................................. 4

**OTHER AUTHORITIES**

Fed. R. Civ. P.  8(a) ................................................................................................ 6

Fed. R. Civ. P.  12(b)(6) ................................................................................... passim

1

## I.   **INTRODUCTION**

2       Defendants do not and cannot contend that any cause of action pled in the

3   Third Amended Complaint ("TAC") fails to state a claim.  Instead, Defendants

4   strain to manufacture an argument that the California Uniform Trade Secrets Act

5   ("CUTSA"), Cal. Civ. Code §§ 3426, *et seq.*, supersedes most of the TAC's state

6   law claims.[1]

7       Under Defendants' own authorities, the preemption inquiry focuses on

8   whether the Challenged Claims are "not more than a restatement" of the CUTSA

9   claim: if there is "no material distinction" between the CUTSA claim and the other

10  claims, those claims are preempted.  *See SunPower Corp. v. SolarCity, Corp.*, No.

11  12-CV-00694-LHK, 2012 WL 6160472, at *3 (N.D. Cal. Dec. 11, 2012).  Here, the

12  trade secrets claim places at issue Defendants' misappropriation of customer lists,

13  pricing information, and business methodologies and strategies.  In contrast, the

14  Challenged Claims are not based on those takings.  Instead, the Challenged Claims

15  have different gravamen, and place at issue different operative facts and conduct

16  than the trade secrets claim.  For example, Defendants' interference with license

17  agreements controlling the permissible uses of Epicor software and Epicor support

18  websites, and Alternative's false advertising and wrongful use of Epicor trademarks,

19  are facts not placed at issue by the trade secrets claim and are not superseded by

20  CUTSA.

21      Defendants, thus, resort to repeatedly mischaracterizing the allegations of the

22  Challenged Claims to insist that they and the trade secrets claim put the same

23  conduct at issue.  But a straight-forward reading of the these claims demonstrates

24  _____

25  [1] Specifically, Defendants challenge the Second Claim For Relief for
    Intentional Interference With Contract; the Fifth Claim for Relief For California
26  Common Law Trademark Infringement; the Seventh Claim for Relief for Violation
    of Section 17500 of the Business and Professions Code (False Advertising); the
27  Tenth Claim for Relief for Trespass To Chattels; the Twelfth Claim for Relief For
    Unlawful and Fraudulent Business Practices In Violation of Section 17200 of the
    Business and Professions Code; and the Thirteenth Claim for Relief for Unjust
28  Enrichment/Restitution (collectively, the "Challenged Claims").

1    the fallacy of Defendants' argument.

2         Defendants also advance a superficial and hyper-technical pleading argument:

3    that because the Challenged Claims and the trade secrets claim each incorporate by

4    reference the TAC's general allegations, which contain the operative facts

5    supporting all of the causes of action alleged by the TAC, including the new

6    allegations supporting the recently added trade secrets claim, then the Challenged

7    Claims must be nothing more than restatements of the trade secret claim.

8         Defendants' hyper-technical argument fails.  *First*, as a threshold matter,

9    none of the Challenged Claims incorporates the trade secrets claim itself, making

10   clear that they are not based on that claim.  Indeed, each of the Challenged Claims

11   and their supporting facts were pled in the Second Amended Complaint.  The

12   Challenged Claims did not become trade secret claims when the trade secrets claim

13   and its supporting allegation were added by way of the Third Amended Complaint.

14        *Second*, case law considering similar incorporation by reference arguments

15   holds that separate claims are stated notwithstanding the incorporation by reference

16   of trade secret allegations.  *See Banks.com, Inc. v. Keery*, No. C 09-06039 WHA,

17   2010 WL 727973, at *3  (N.D. Cal. March 1, 2010); *see also*, *Kovesdy v. Kovesdy*,

18   No. C 10-02012 SBA, 2010 WL 3619826, at *3 (N.D. Cal. Sept. 13, 2010).  At

19   worst, only the trade secret *allegations* (and not any causes of action), are

20   preempted by CUTSA:

21        The allegations that are incorporated by reference and
         relate to [defendants'] alleged wrongful use of
22        confidential, proprietary, and trade-secret information are
         preempted by plaintiff's CUTSA claim.  The allegations
23        that are incorporated by reference and do not relate to
24        [defendants'] alleged wrongful use of confidential,
         proprietary, and trade-secret information are not
25        preempted by plaintiff's CUTSA claim.

26   *Banks.com,* 2010 WL 727973, at *3.

27        *Finally*, even Defendants' primary authority on the issue, *SunPower,* 2012

28   WL 6160472, did not dismiss claims with prejudice, but instead gave the plaintiff

1   the opportunity to address the issue by amendment.  Even if the Court were to

2   accept Defendants' hyper-technical argument—and it should not—at the very least,

3   Epicor should be given leave to amend.  Not to do so would impermissibly elevate

4   form over substance and violate the general policy that claims be resolved on their

5   merits rather than on pleading technicalities.  *See Foman v. Davis*, 371 U.S. 178,

6   181-82 (1962).

7   **II.   BACKGROUND**

8         Epicor filed its initial complaint on March 18, 2013, alleging nine causes of

9   action.  Dkt. No. 1.  In April 2013, Alternative moved to dismiss seven of the nine

10  claims, including Epicor's claims for unfair and fraudulent business practices and

11  unjust enrichment/restitution.  *See* Dkt. No. 20.  Concurrently, Alternative filed an

12  answer as to the remaining claims and asserted various counterclaims.  Dkt. No. 19.

13  In May 2013, the Court issued an order denying in substantial part Alternative's

14  motion to dismiss the initial complaint.  Dkt. No. 50.  The Court ruled, *inter alia*,

15  that Epicor stated a claim for unfair and fraudulent business practices and unjust

16  enrichment/restitution.  *Id*. at 8-9.

17        Epicor then filed a First Amended Complaint (FAC) on May 29, 2013.  Dkt.

18  No. 64.  The FAC alleged causes of action for copyright infringement, intentional

19  interference with contract, federal trademark infringement, California common law

20  trademark infringement, false advertising in violation the Lanham Act, false

21  advertising in violation of California Business & Professions Code section 17500,

22  unlawful and fraudulent business practices in violation of California Business &

23  Professions Code section 17200, and unjust enrichment/restitution.  *Id*.  Alternative

24  filed an answer to the FAC on June 13, 2013.   Dkt. No 70.

25        On June 26, 2014, this Court granted Epicor's motion for leave to file a

26  Second Amended Complaint (SAC).  Dkt. No. 144.  The SAC itself was filed on

27  June 27, 2014.  Dkt. No. 145.  The SAC joined four officers and employees of

28  Alternative as defendants.  The SAC added claims for violations of the Computer

Fraud and Abuse Act, 18 U.S.C. § 1030(a), violation of California Penal Code section 502(c), trespass to chattels, and breach of contract. Dkt. No. 144 at 2. The SAC's added claims alleged that individual defendants (i) used unauthorized log-in credentials to access Epicor's online support portal and database to access Epicor's software and technical literature, (ii) used an unauthorized copy of the software for training and development purposes, and (iii) breached confidentiality agreements that the individual defendants signed in connection with their prior employment with Epicor. *Id.* at 2-3; *see also* SAC ¶¶ 188-233.

Alternative then moved for a more definite statement, Dkt. No. 158, and the Individual Defendants moved to dismiss the tenth cause of action for breach of contract. *See* Dkt. No. 160. On September 24, 2014, the Court denied each of these motions. Dkt. No. 168. Alternative and the Individual Defendants each answered the SAC on October 10, 2014. *See* Dkt. Nos. 169 and 171.

On December 29, 2014, Epicor moved for leave to file the operative Third Amended Complaint (TAC). On January 22, 2015, the court granted Epicor leave to file the TAC. The TAC was filed on the same day.

The TAC primarily asserts a new cause of action for misappropriation of trade secrets, amends its cause of action for breach of contract to place at issue breaches of the non-disclosure agreements, and adds Ward and Yazdpouri as defendants to these claims. The trade secrets claim, set forth as the Third Claim for Relief in the TAC, (TAC, ¶¶ 179-187), alleges that Alternative, with the complicity of Keena, Barnett, Ward, and Yazdpouri, misappropriated three categories of Epicor trade secrets: (i) Epicor's Master Customer List, (ii) Epicor's confidential Business Strategies and Methodologies, and (iii) Epicor's confidential Pricing Information. *See*, TAC ¶¶ 179-187, 54-62. Specifically, among other things, the TAC alleges:

- In or around June 2009, just days before Barnett left Epicor to start Alternative with Keena, Barnett used her personal email address to

send Keena an Epicor customer list along with a collection of various internal Epicor white papers.  *See* TAC, ¶ 54.

- In or around August 2010, prior to leaving Epicor to start working for Alternative, Ward used his Epicor email to send a copy of Epicor's confidential Pricing Information to his personal email address.  Ward then forwarded the Epicor confidential Pricing Information to both Keena and Barnett for their and Alternative's use.  *See* TAC, ¶¶ 55-56.

- In or around May 2011, Ward sent Keena and another Alternative employee a zip file containing a collection of over 150 documents with Epicor's confidential Business Strategies and Methodologies.  Ward asked for an Alternative employee to go through all the materials and "scrub" them—repurpose them for Alternative's use—by moving the Epicor confidential content to Alternative's own letterhead and templates.  Ward expressed that these documents could be used as a basis for Alternative to build upon.  *See* TAC, ¶¶ 57-58.

- Keena then forwarded the 150-plus collection of documents to an outside consultant, Olin Barnett, to have the documents updated with Alternative's look and feel in preparation for posting on Alternative's internal sharepoint site, where the documents containing Epicor's confidential Business Strategies and Methodologies could be used by Alternative's consultants.  *See* TAC, ¶ 59.

- Again in or around May 2011, Ward sent documents containing Epicor's confidential Business Strategies and Methodologies to Keena and other Alternative employees, and stated that the Epicor documents needed to be scrubbed.  *See* TAC, ¶ 60.

- In or around February 2012, Yazdpouri sent Keena Epicor's Master Customer List.  Keena immediately forwarded the Master Customer List on to Ward (VP of Worldwide Services) and then separately to an Alternative Customer Account Manager with an email stating "Are you sitting down?"  *See* TAC, ¶¶ 61-62.

### III.    LEGAL STANDARD

Although Defendants style their motion as "a motion to strike and dismiss claims," Defendants do not move to strike any allegations from the TAC.  *See* Dkt. No. 207.  Instead, they move solely to dismiss the Challenged Claims under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  In considering whether to dismiss a case for

failure to state a claim, the issue before the court is not whether the claimant "will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims" asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). The Court must also draw all reasonable inferences in favor of the non-moving party. *Catholic League for Religious and Civil Rights v. City and Cnty of S.F.*, 567 F.3d 595, 599 (9th Cir. 2009); 2 Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 9:213. "Rule 12(b)(6) is [also] read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief." *Epicor Software Corp. v. Alternative Tech. Solutions, Inc.*, No. SACV 13-00448-CJC(RNBx), 2013 WL 2382262, at *2 (C.D. Cal. May 9, 2013) (J. Carney) (citing Fed. R. Civ. P. 8(a)(2)).

In ruling on the motion, "[r]eview is limited to the complaint" and "a district court may not consider any material beyond the pleadings in ruling." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (alteration in original); *see also*, 2 Schwarzer, Tashima & Wagstaffe, *supra*, § 9:211 (a court "cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials)"); *see, e.g.*, *Garber v. Heilman*, No. CV 08-3585-DDP (RNB), 2009 WL 409957, at *8 (C.D. Cal. Feb. 18, 2009) (declining to take judicial notice of discovery responses on a motion to dismiss, in part because they were irrelevant to the sufficiency of the stated claims).

Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This is not a high bar. A "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* at 555. "All that matters at this stage is that

the allegations nudge this inference 'across the line from conceivable to plausible.'"

*OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).

## IV.   ARGUMENT

### A.   SUPERSESSION OF CLAIMS UNDER CUTSA

#### 1.   Section 3426.7 Controls Supersession.

CUTSA contains a clause, Cal. Civ. Code § 3426.7, which, although ironically referred to as a "savings clause," preempts claims based on the same nucleus of facts as trade secret misappropriation.  *See Sunpower*, 2012 WL 6160472, at *3.  Section 3426.7 provides in pertinent part:

> (a) Except as otherwise expressly provided, this title does not supersede any statute relating to misappropriation of a trade secret, or any statute otherwise regulating trade secrets.

> (b) This title does not affect (1) contractual remedies, whether or not based on misappropriation of a trade secret, (2) *other civil remedies that are not based upon misappropriation of a trade secret*, or (3) criminal remedies, whether or not based upon misappropriation of trade secret.

Cal. Civ. Code § 3426.7 (emphasis added).

#### 2.   CUTSA Supersedes Claims That Are Not Materially Different From Trade Secret Claims.

California Civil Code § 3426.7 "preempt[s] claims based on the same nucleus of facts as trade secret misappropriation."  *Sunpower*, 2012 WL 6160472, at *3 (quoting  *K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 962 (2009)); *see also*, *Robert Half Int'l, Inc. v. Ainsworth*, No. 14-CV-2481-WQH (DHB), 2014 WL 7272405, at *8 (S.D. Cal. Dec. 17, 2014) (CUTSA displaces claims which are "either based upon the misappropriation of a trade secret . . . or they are based upon no legally significant events" (internal quotation marks omitted)).  Section 3426.7 supersession extends to all claims, the basis of which is misappropriation of information that was not generally known to

the public. *See Sunpower*, 2012 WL 6160472, at *3 ("If the basis of the alleged property right is in essence that the information . . . is not . . . generally known to the public . . . then the claim is sufficiently close to a trade secret claim that it should be superseded" (internal quotation marks and citations omitted)); *see also*, Dkt. No. 159 (Defs. Memo. Pts. & Auths. ISO Mtn. for More Definite Statement), at 5:1-5 (arguing same).

The preemption inquiry:

> focuses on whether other claims are not more than a restatement of the same operative facts supporting trade secret misappropriation . . . ***If there is no material distinction between the wrongdoing alleged in a [C]UTSA claim and that alleged in a different claim, the [C]UTSA claim preempts the other claim***.

*Sunpower*, 2012 WL 6160472, at *3 (emphasis added). "In other words, common law tort claims are displaced by the CUTSA where they 'do not genuinely allege 'alternative legal theories' but are a transparent attempt to evade the strictures of CUTSA by restating a trade secrets claim as something else.'" *Robert Half*, 2014 WL 7272405, at *8.

### 3. CUTSA Does Not Supersede Claims Going Beyond Trade Secret Misappropriation.

Claims are not superseded if they allege facts that go "beyond trade secret misappropriation." *Titan Global LLC v. Organo Gold Int'l., Inc*., No. 12-CV-2104-LHK, 2012 WL 6019285, at *10 (N.D. Cal. Dec. 2, 2012); *see, e.g.*, *Cole Asia Bus. Ctr., Inc. v. Manning*, No. CV 12-00956 DDP (CWx), 2013 WL 3070913, *6 (C.D. Cal. June 18, 2013) (finding claims not preempted by CUTSA; "Counterclaimants do make allegations against all Counterdefendants going beyond their trade secret claims"). CUTSA "does not displace noncontract claims that, although related to a trade secret misappropriation, are independent and based on facts distinct from the facts that support the misappropriation claim." *Angelica Textile Servs., Inc., v. Park*, 220 Cal. App. 4th 495, 506 (2013) (reversing dismissal of non-CUTSA claims); *see also*, *MedioStream, Inc. v. Microsoft Corp.,* 869 F. Supp. 2d 1095,

1115 (N.D. Cal. 2012) ("Preemption is not triggered where the facts underlying an independent claim are 'similar to, but distinct from, those underlying the misappropriation claim.')

CUTSA does not supersede and entire claim that is based on both misappropriation of trade secrets and other conduct.  *See, e.g.*, *Phoenix Techs. Ltd v. DeviceVM*, No. C 09-04697 CW, 2009 WL 4723400, at *5 (N.D. Cal. Dec. 8, 2009) (denying motion to dismiss UCL claim where most, but not all of claim, was based on misappropriation of trade secrets and construing claim to be "based on those facts that are not part of the nexus that forms the basis for their CUTSA claim"); *Wang v. Palo Alto Networks, Inc.*, No. C 12-05579 WHA, 2013 WL 1410346, at * 11 (N.D. Cal. Jan. 31, 2013) ("After removing the 'trade-secret' facts, the remaining facts alleged are reassembled to determine whether they can independently support other causes of action . . . ."); *see also*, *Cellular Accessories for Less, Inc. v. Trinitas LLC*, No. CV 12-06736 DDF (SHx), 2014 WL 4627090, at *6 (C.D. Cal. Sept. 16, 2014) ("[E]ach of these tort claims is preempted . . . to the extent that it relies on the nucleus of facts of the trade secrets claim.  However, because each is also based on some alternative set of facts as well, each claim survives preemption in part.").

In such instances, "the Court's obligation on a Rule 12(b)(6) motion [is] to construe the allegations in a light most favorable to Plaintiff," which requires that "the Court will construe Plaintiff's claims as being based on conduct not governed by [C]UTSA."  *Kovesdy*, 2010 WL 3619826, at *3 (citing *Phoenix Techs.*, 2009 WL 4723400, at *5 ("Although most of the allegations in the FAC supporting Plaintiff's UCL and tort claims concern Defendants' misuse of information that appears to fall with the definition of a 'trade secret' under CUTSA, the Court will construe those claims as based on those facts that are not part of the nexus that forms the basis for their CUTSA claim.")).[2]

---

[2] In the same instance, some courts that do not take the Rule 12(b)(6) obligation into account, hold a cause of action to be preempted only to the extent

In assessing whether CUTSA preempts a claim, courts focus "on the actual gravamen" or "gist" of the claim.  *See, e.g., Rovince Int'l Corp. v. Preston*, No. CV 13-3527 CAS (PJWx), 2013 WL 5539430, at *3 (C.D. Cal. Oct. 7, 2013) (common law claims preempted if "the gravamen of the contested claims is that [the defendant] misappropriated trade secrets"); *Phoenix Techs.*, 2009 WL 4723400, at *4-5 (court should conduct a factual analysis of whether gravamen of each claim rested on misappropriation of trade secrets; CUTSA "allow[s] claims to go forward where the gravamen of the claims does not rest on the misappropriation of trade secrets"); *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 241-42 (2010) (CUTSA did not preempt UCL claim, the "gist" of which "does not depend on the existence of a trade secret"), *disapproved on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011); *K.C. Multimedia*, 171 Cal. App. 4th at 959 (court must focus "on the actual gravamen" of the claim in ruling on CUTSA supersession).

## B.    DEFENDANTS' INCORPORATION BY REFERENCE ARGUMENT FAILS

Defendants devote the bulk of their motion to arguing that because each of the Challenged Claims incorporate the general allegations of the complaint, and those allegations include the facts supporting the trade secrets claim, the Challenged Claims must be dismissed.  *See* Mtn. at 2, 5, 12, 14 and 17-20.

As a threshold matter, Defendants' incorporation argument is fundamentally misleading.  *See Banks.com*, 2010 WL 727973, at *3 (argument that trade secret allegations incorporated by reference in other claims triggered CUTSA preemption

---

(continued…)

that it is based on a trade secret.  *See, e.g., Banks.com*, 2010 WL 727973, at *3-4 (interference claim preempted to extent it was based on misappropriation of trade secrets but not preempted to extent it was based on other facts).  Critically, neither line of cases dismisses a cause of action in its *entirety* because it was *partly* based on misappropriation of trade secrets.

was "misleading" where plaintiff only highlighted allegations referring to use of trade secret information and ignored other allegations).  Defendants focus on the incorporation of general allegations but ignore that none of the Challenged Claims incorporates the trade secrets claim.[3]

In any event, case law rejects the specific argument that Defendants make here: that CUTSA requires dismissal of a claim that incorporates by reference allegations of trade secret misappropriation.  *See id.* ("The allegations that are incorporated by reference and relate to defendant['s] [use of] trade-secret information are preempted [but t]he allegations that are incorporated by reference and do not relate to defendant['s] [use of] trade-secret information are not preempted."); *see also Kovesdy*, 2010 WL 3619826, at *3 (rejecting argument that claim should be dismissed because it incorporated by reference preceding allegations, including trade secret misappropriation; Rule 12(b)(6) required that the claim be construed as being based on those allegations not relating to trade secrets). This is consistent with cases holding that CUTSA does not supersede claims that are based on the misappropriation of trade secrets and other conduct, *i.e.*, claims that plead facts that go beyond misappropriation of trade secrets.  *See, e.g.*, *Angelica Textile Servs.*, 220 Cal. App. 4th at 115; *Phoenix Techs.*, 2009 WL 4723400, at *5; *see also*, section IV.A.3, *supra*.

The cases differ in whether any portions of the claims were dismissed: *Kovesdy* acknowledged the obligation on a Rule 12(b)(6) motion to construe allegations in the light most favorable to Plaintiff, construed the claim as not being

---

[3] *Compare* TAC ¶¶ 179-187 (setting forth third cause of action for misappropriation of trade secrets), *with id.* ¶ 167 (not incorporating ¶¶ 179-187 into Second Claim for Relief for Intentional Interference with Epicor Software License Agreements), *id.* ¶ 195 (not incorporating ¶¶ 179-187 into Fifth Claim for Relief for Common Law Trademark Infringement); *id.* ¶ 211 (not incorporating ¶¶ 179-187 into Seventh Claim for Relief for False Advertising), *id.* ¶245 (not incorporating ¶¶ 179-187 into Tenth Claim for Relief for Trespass to Chattels); *id.* ¶ 262 (not incorporating ¶¶ 179-187 into Twelfth Claim for Relief For Unlawful and Fraudulent Business Practices); *and, id.* ¶ 272 (not incorporating ¶¶ 179-187 into Thirteenth Claim for Relief for Unjust Enrichment/Restitution).

based on conduct governed by CUTSA, and did not dismiss any part of the claims on the basis of CUTSA. *Kovesdy*, 2010 WL 3619826, at *4-5. The court noted that if, following discovery, plaintiff lacked evidence to support the claims based on conduct independent of the trade secrets claim, defendants could move for summary judgment. *Id.* at *3. The court in *Banks.com* held that only the allegations that were incorporated by reference into a challenged claim and related to the CUTSA claim, would be preempted by the CUTSA claim and dismissed (with leave to amend) with respect to those paragraphs only; other allegations incorporated into those claims were not preempted or dismissed. 2010 WL 727973, at *3. Under either approach, the Court should not dismiss the entire claim.

Defendants overstate their primary authority on the incorporation by reference issue, *Sunpower*, 2012 WL 6160472, in three critical respects. First, although the court in *Sunpower* noted that some claims incorporated by reference trade secret allegations, it did not stop its analysis there and rule that claims were preempted on that basis; instead the court analyzed the substance of the individual claims. *Id.* at *13-15. Second, in *Sunpower*, the superseded claims alleged the "same wrongdoing" as the trade secrets claim and simply "stated in various ways" allegations that defendants misappropriated trade secrets. *Id.* at 13. Third, the court in *Sunpower* did not dismiss those claims with prejudice, but allowed plaintiff the opportunity to amend. *Id.* at *16.

### C. CUTSA DOES NOT SUPERSEDE THE CHALLENGED CLAIMS BECAUSE THOSE CLAIMS ARE NOT RESTATEMENTS OF THE TRADE SECRETS CLAIM.

#### 1. The Trade Secrets Claim Only Places At Issue Misappropriation of Documents Containing Customer Lists, Pricing Information, and Business Methodologies and Strategies.

The trade secrets claim places at issue Defendants' misappropriation of Customer Lists, Pricing Information, and Business Methodologies and Strategies.

1  The trade secrets claim specifies that "the actions of Alternative, Keena, Barnett,

2  Ward and Yazdpouri described in paragraphs 54 to 62 constitute misappropriation

3  of Epicor's trade secret Protected Information." TAC ¶ 184; *see also, id.* at ¶50

4  (defining "Protected Information" as Customer Lists, Pricing Information, and

5  Business Methodologies and Strategies).  In turn, paragraphs 54 to 62, constitute a

6  dedicated section of the TAC entitled "Alternative's Misappropriation of Epicor's

7  Protected Information," and allege in factual detail that Defendants misappropriated

8  documents containing customer lists, pricing information and business

9  methodologies and strategies. *Id.* ¶¶ 54-62.  By any reasonable reading of the

10  claim—and certainly the favorable interpretation required by Rule 12(b)(6)—these

11  allegations, together with paragraphs 46-53 (describing the trade secrets), constitute

12  a distinct nucleus of facts giving rise to the trade secrets claim.

13  In contrast, the Challenged Claims place at issue materially different conduct,

14  the gravamen of which is not the existence or misappropriation of a trade secret.

15  Indeed, each of the Challenged Claims was alleged in the SAC, *see* Dkt. No. 145,

16  *before* the trade secrets claim was added by way of the TAC.  Despite Defendants

17  repeated and incorrect insinuations that the TAC added allegations to these claims,

18  (*see* Mtn. at 2, 5 and 13-14), the TAC did not substantively change any of the

19  express allegations of the Challenged Claims.  *See* Dkt. No. 184-3 (redline of the

20  TAC against the SAC).

21
22  **2.  CUTSA Does Not Supersede The Second Claim For Relief For Intentional Interference With Epicor's License Agreements.**

23  Epicor's second claim for relief alleges that Defendants intentionally

24  interfered with its license agreements, which restricted the permissible uses of

25  Epicor's property (its software) by its licensees.  *See* TAC ¶¶ 167-178.[4]  It alleges

26  _____

27  [4] *See* TAC, ¶169 (alleging that "[t]he Software License Agreements between Epicor and Epicor customers specifically prohibit, *inter alia*: (i) the use of Epicor's ERP software for purposes other than the Epicor customers' internal business

28  purposes; (ii) the use of Epicor's ERP software to provide time sharing services or operate a services bureau for third parties; (iii) disclosing the software or

that Defendants induced some licensees to breach the terms of their licenses by, *inter alia*, permitting Alternative to access, review, alter, maintain, enhance or modify the software. *Id.*, ¶¶ 169-171.  The gravamen of the claim is the inducement of the breach of these contractual obligations.

This is not a restatement of the trade secrets claim's nucleus of allegations that Defendants misappropriated documents containing customer lists, pricing lists or business methodologies. *Id.* ¶¶ 54-62, 184.  Defendants' assertion  that the allegation that "Epicor entered into contracts with its customers that govern their rights to use Epicor software and information" is "at the root of Epicor's CUTSA claim," (*see* Mtn. 16:24-27), is a mischaracterization, and does not survive comparison with the allegations of the trade secrets/CUTSA claim.  Indeed, the trade secrets claim does not place the software or the EULAs at issue; rather, the trade secrets claim makes no mention of the software or EULAs.  TAC ¶¶ 179-187.  Furthermore, the Interference Claim does not depend on the existence of those trade secrets or otherwise place the customer list, price list or business methodologies at issue.  *See* TAC ¶¶ 167-178.

Since the Interference Claims is not a restatement of the trade secrets claim but instead depends upon materially different operative facts and has a different gravamen than the trade secret claim, CUTSA does not supersede it.  *See, e.g., SunPower*, 2012 WL 6160472, *3; *see also, Rovince*, 2013 WL 5539430, at *3; *Phoenix Techs.*, 2009 WL 4723400, at *4-5; *Silvaco*, 184 Cal. App. 4th at 241-42; *K.C. Multimedia*, 171 Cal. App. 4th at 959.  Indeed, interference with contract claims are not preempted by CUTSA, notwithstanding that a lawsuit may also place at issue misappropriation of trade secrets.  *See, Titan Global*, 2012 WL 6019285, at

---

(continued…)

documentation to an Epicor competitor without Epicor's prior written approval; and (iv) reverse engineering, modifying, decrypting, extracting, dissembling, copying or decompiling Epicor's ERP software, except as required by applicable local law or to reproduce machine-readable object code portions for backup purposes.")

*10; *Phoenix Techs*, 2009 WL 4723400, at *5; *Rovince*, 2013 WL 5539430, at *5 (inducing breach of contract claim not preempted where plaintiff would not have to show that a trade secret was misappropriated in order to prevail).

Defendants primarily argue that the Interference Claim fails because it incorporates the same allegations as the trade secrets claim. Mtn. at 15:3-16:24. As explained in section IV.B, above, Defendants' hyper-technical argument is wrong. *See* Section IV.B, *supra*; *see also*, *Banks.com*, 2010 WL 727973, at *3; *Kovesdy*, 2010 WL 3619826, at *3.

Defendants also attempt to raise Epicor's interrogatory responses in support of its preemption argument. Mtn. at 17:9-13. This argument fails for at least three reasons. First, the Court cannot consider extrinsic material, such as interrogatory responses, on a Rule 12(b)(6) motion. *See, e.g.*, *Butler v. Los Angeles Cnty*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2008); *see also*, 2 Schwarzer, Tashima & Wagstaffe, *supra* § 9:211; Epicor's Opp. to Req. for Jud. Not. (concurrently filed herewith). Second, those responses indicate that the gravamen of the Interference Claim is interference with the license agreements governing use of Epicor's software and websites. Third, courts have rejected attempts to assert CUTSA preemption even where an interrogatory response indicated that the cause of action was based on misappropriation of trade secrets. *Angelica Textile Services*, 220 Cal. App. 4th at 507, n 4.[5]

---

[5] Defendants argue that Epicor "intend[ed] to allege a misappropriation of trade secret claim as its Second Claim" because an erroneous reference to Section 3624 was made in the caption of the claim. Mtn. at 15:25-26, n 4. Defendants unsuccessfully made a similar argument on prior motions to dismiss. The reference to section 3426 is an artifact from the original complaint. Dkt. No. 1. Defendants unsuccessfully moved to dismiss that claim, arguing that the reference conflated an interference claim with a trade secrets claim. Dkt. No. 20, at 11. Epicor made clear in its opposition that "[w]hile Epicor inadvertently referenced Civil Code §§ 3426, *et seq.* in the caption for the Second claim in the Complaint, it does not bring its intentional interference with contract claim under the CUTSA." Dkt. No. 30, p. 17 n 10. The Court denied Defendants' motion. Dkt. No. 50. In any event, a motion to dismiss is based on the substance of the allegations, not labels, and the *substantive* allegations of the Interference Claim do not allege a misappropriation of trade secrets.

### 3.   CUTSA Does Not Supersede The Fifth Claim for Common Law Trademark Infringement.

Epicor's fifth claim for relief alleges common law trademark infringement. TAC, ¶¶195-201.  As the general allegations make clear, the claim is based upon the use of Epicor's marks and logo in Alternative's website and promotional materials.  *See id.*, ¶¶ 118-128 (section entitled "Alternative's Unauthorized Use of Epicor' Trademarks and False Advertising").  The claim is not based on the existence of a trade secret nor is it a restatement of the trade secrets claim.  The infringement allegations are factually distinct from the trade secrets claim's nucleus of allegations that Defendants misappropriated customer lists, price lists, and business methodologies and strategies.  *Cf. id.*, ¶¶ 54-62, 184.  Accordingly, the trademark infringement claim is not superseded by the trade secrets claim.  *See e.g., SunPower*, 2012 WL 6160472, *3;  *MedioStream*, 869 F. Supp. 2d at 1115.

Defendants again rely on the argument that the claim is preempted because it incorporates by reference the same paragraphs that the trade secrets claim incorporated by reference.  Mtn. at 17:19-22.  As explained above,  the incorporation by reference argument fails.  *See* section, IV.B, *supra*; s*ee also, Banks.com*, 2010 WL 727973, at *3-4;  *Kovesdy*, 2010 WL 3619826, at *3. Defendants tellingly omit mention that that the trademark claim does not incorporate the trade secrets claim itself.  *Compare* TAC, ¶¶179-187 (trade secrets claim), *with id*. ¶ 195 (not incorporating ¶¶ 179-187 into trademark claim).[6]

Second, Defendants argue that the trademark allegations are preempted because they "describe additional activity" contemporaneous with Defendants'

---

[6] Notably, Defendants' brief engages in sleight of hand by editing its quote of paragraph 195 so that it is not apparent that the trade secrets claim (set forth at paragraphs 179-187) was not incorporated into the trademark claim.  *Compare* Mtn at 17:19-22 (arguing that the fifth Claim For Relief "incorporates herein by reference the allegations of paragraphs 1 through 157, and 159 through 166, 160 through 178…inclusive, above."), *with* TAC ¶ 195 ("incorporates herein by reference the allegations of paragraphs 1 through 157, 159 through 166, 160 through 178, ***and 189 through 194***, inclusive, above.") (emphasis added). Defendants' edits leave out the juxtaposition between the claims that are *and that are not* incorporated by reference.

CUTSA violations.  Mtn. at 18:1-4.  Defendants' admission that the allegations go to additional activity dooms their supersession argument.  Claims are not preempted where, as here, they allege facts that go "beyond trade secret misappropriation." *See Titan Global*, 2012 WL 6019285, at \*10; *see also Cole Asia Bus. Ctr.*, 2013 WL 3070913, at \*6.  Indeed, CUTSA "does not displace noncontract claims that, although related to a trade secret misappropriation, are independent and based on facts distinct" from the misappropriation claim.  *Angelica Textile Services*, 220 Cal. App. 4th at 506.

Defendants erroneously conflate Epicor's allegations of "additional activity" beyond the misappropriation of trade secrets with legal theories posing "additional elements" that are superseded under *Mattel v. MGA Entertainment, Inc.*.  Mtn. at 18:1-4.  *Mattel* rejected the rule that a claim based on misappropriation of trade secrets that required proof of a different element was not preempted.  782 F.Supp.2d at 986.  In doing so, *Mattel* merely recognized that a claim that is factually based on the misappropriation of a trade secret is not saved from preemption simply because it is based on a theory of relief whose elements differ from a CUTSA claim.  For example, in *Mattel*, a breach of fiduciary duty claim based on the misappropriation of trade secrets would not be saved merely because the claim required additional elements.  *See, e.g.*, *Mattel*, 782 F. Supp. 2d at 986 ("It's no longer the case in California that a claim for breach of fiduciary or breach of duty of loyalty based upon the misappropriation of trade secrets would survive even though both claims require proof of 'additional elements' like a relationship of trust or confidence.").  As *Sunpower* makes clear, the focus is on the nature of the factual allegations, and not the elements of the legal theory they support.  2012 WL 6160472, at \*12 ("[T]he nucleus of fact test does not focus on whether a non-CUTSA claim requires the pleading of different elements than the CUTSA claim, but rather on whether 'there is [a] material distinction between the wrongdoing alleged in a [C]UTSA claim and that alleged in [the non-CUTSA] claim....'").  Here,

the gravamen of the trademark infringement claim is the Defendants' wrongful use of Epicor marks:  this is factually distinct conduct from the trade secrets claim, and is not superseded.

### 4.    CUTSA Does Not Supersede The Seventh Claim For False Advertising.

Epicor's Seventh Claim for Relief alleges False Advertising in violation of California Business & Professions Code section 17500.  TAC, ¶¶ 211-215.  It is based on claims that Alternative's advertising and marketing misleads customers into believing that Alternative is an Epicor authorized partner or otherwise endorsed by or associated with Epicor.  *See id.*, ¶¶ 118-128 (section entitled "Alternative's Unauthorized Use of Epicor' Trademarks and False Advertising").  These allegations are not based on the existence of a trade secret, are not a restatement of the trade secrets claim and are factually distinct from the trade secrets claim's nucleus of allegations that Defendants misappropriated customer lists, price lists, and business methodologies and strategies.  *Cf. id.*, ¶¶ 54-62, 184; *see also SunPower*, 2012 WL 6160472, *3; *MedioStream*, 869 F. Supp. 2d at 1115; *K.C. Multimedia*, 171 Cal. App. 4th at 958.  Accordingly, the false advertising claim is not superseded by CUTSA.  *See, e.g., Kovesdy*, 2010 WL 3619826, at *3 (claims based on misleading clients into wrongfully believing defendant was affiliated with an entity not preempted by CUTSA).

Defendants simply repeat the same arguments they made in connection with the trademark claim: that the claim incorporates the same allegations as the trade secrets claim, and that additional wrongful activity is superseded by CUTSA.  Mtn. at 18:9-19:4.  These arguments fail for the same reasons.  *See*, sections IV.B and IV.C.1-3, *supra*.

### 5.    CUTSA Does Not Supersede The Tenth Claim for Trespass to Chattels.

Epicor's Tenth Claim for Relief states a claim for Trespass to Chattels.  TAC,

¶¶ 245-254.  It is based upon Alternative's unauthorized access to Epicor's support website known as Epicweb, which, *inter alia*, interfered with Epicor's use and possession that website and damaged the functionality of Epicor's computer systems.  TAC, ¶¶246-248, 252.  These allegations are not based on the existence of any trade secret.  Defendants' claim that "the specific allegation added to the TAC by this claim all pertain to…Alternative's alleged activities that form the basis for the misappropriation claim," (Mtn. at 19:15-17),[7] is untrue: accessing the support website and interfering with software and computer systems are factually distinct from the trade secrets claim's nucleus of allegations that Defendants misappropriated customer lists, price lists, and business methodologies and strategies.  *Cf. id.*, ¶¶ 54-62, 184.  Defendants further overlook that the Tenth Claim does not incorporate the trade secrets claim itself.  *Compare id*. ¶¶179-187 (trade secrets claim), *with* ¶ 245 (not incorporating ¶¶ 179-187 into trespass to chattels claim).  The trespass to chattels claim is not a re-characterization or restatement of the trade secret claim.  Accordingly, the trespass to chattel claim is not superseded by CUTSA.  *See e.g., SunPower*, 2012 WL 6160472, *3; *MedioStream*, 869 F. Supp. 2d at 1115.

Defendants follow the same script as with prior causes of action, arguing that the claim incorporates by reference the same allegations as the trade secrets claim, and that CUTSA supersedes claims based on additional activity.  Mtn. at 19:5-20:2.  As set forth above, these arguments fail.  *See,* sections IV.B. and IV.C.1-4, *supra*.

**6.**   **CUTSA Does Not Supersede The Twelfth Claim for Unlawful and Fraudulent Business Practices in Violation of the UCL.**

The Twelfth Claim for Relief alleges violations of California's Unfair Competition Law, and is based on numerous statutory violations and numerous fraudulent and deceptive acts specified in that claim.  TAC, ¶¶ 262-271.

---

[7] Contrary to Defendants' representation, the Tenth Claim for Relief did not add any new allegations to the TAC.  *See* Dkt. No. 184-3 (redline of the TAC against SAC).

Defendants' contention that the UCL claim places at issue the "very same 'unlawful and/or deceptive practices that form the basis of its CUTSA claim," (Mtn. at 20:27-21:1),[8] is wrong:

- the UCL claim does *not* incorporate the trade secrets claim into it, *compare* TAC, ¶¶ 179-187 (trade secrets claim), *with id.*, ¶ 272 (not incorporating ¶¶ 179-187 into UCL claim);

- the claim under the unlawful prong of the UCL does *not* plead Defendants' violation of CUTSA as a predicate act, *see* TAC, ¶ 264 ¶(a)-(f)[9]; and,

- the claim under the fraud prong of the UCL does not place at issue Defendants' misappropriation of customer lists, pricing information or business methodologies, *cf.* TAC, ¶¶ 264(g)-(m).

Further, the UCL Claim is also based on conduct and predicate acts that Defendants do not contend are preempted by CUTSA, including violations of: (i) trademark statutes, *see id.* at ¶ 264(b); (ii) the Lanham Act, *see id.* at ¶ 264(c); (iii) the Computer Fraud and Abuse Act, *see id.* at ¶ 264(d); and (iv) California Penal Code section 502(c), *see id.* at ¶ 264(e). The UCL claim is not a re-characterization or restatement of the trade secret claim. *See, e.g., SunPower*, 2012 WL 6160472, *3. Accordingly, the UCL claim is not superseded by CUTSA. *See, e.g., Titan Global*, 2012 WL 6019285, at *10 (interference with contract and UCL claims not

---

[8] Defendants cite paragraphs 265 and 266 of the TAC in support of this proposition. Mtn. at 21:1. These paragraphs do not support Defendants' characterization. *See* TAC ¶ 265 (alleging "[t]he acts and practices alleged herein constitute unlawful, unfair and/or deceptive business practices as set forth in Business and Professions Code §§ 17200, *et seq.*"); *see also, id.* ¶ 266 (alleging "Alternative continues to engage in such unlawful and/or deceptive business practices as identified herein to the present day, and there is a substantial risk that the wrongful acts will continue in the future, thus warranting (and necessitating) injunctive relief.").

[9] The unlawful prong alleges unlawful practices in the nature of (a) interference with contract; (b) conduct contrary to the trademark statutes; (c) conduct contrary to the false advertising statutes; (d) conduct contrary to the Federal Computer Fraud and Abuse Act; (e) conduct contrary to Cal. Penal Code Section 502(c); and (f) trespass to chattels. *See*, TAC ¶ 264 (a)-(f).

preempted by CUTSA where the allegations of those claims "go beyond" misappropriation of customer lists that was basis of trade secrets claim); *Phoenix Techs*, 2009 WL 4723400, at *5 (interference with contract and UCL claims construed as not based on same facts as trade secrets claim and not preempted); *see also MedioStream*, 869 F. Supp. 2d at 1115; *K.C. Multimedia*, 171 Cal. App. 4th at 958.

Defendants' attacks on the UCL claim largely repeat their incorporation by reference and "additional activity" attacks on the prior causes of action and fail for the same reasons.  *See* sections IV.B. and IV.C.1-5., *supra*.[10]  And claims for violations of the UCL based on interference with contract, *see* TAC ¶ 264(a); California's false advertising law, *see id.*, ¶ 264(c); and, trespass to chattel, *see id.* ¶ 264(f), necessarily survive preemption to the same extent as their analog claims.

### 7.   CUTSA Does Not Supersede The Thirteenth Claim For Relief for Unjust Enrichment/Restitution.

Epicor's Thirteenth Claim for Unjust Enrichment/Restitution is not a restatement of the trade secrets claim.  The Unjust Enrichment claim  places at issue all of Defendants' wrongdoing, *except* for Defendants' misappropriation of trade secrets.  The Unjust Enrichment claim does this by incorporating all prior claims into it, *except* for the trade secret claim.  *Compare* TAC, ¶¶ 179-187 (trade secrets claim), *with id.*, ¶ 272 (not incorporating ¶¶ 179-187 into UCL claim).  Further, the Unjust Enrichment Claim's specific allegations place at issue Alternative's parasitic business model, which seeks to utilize Epicor's software, websites and other investments without compensating Epicor.  These specific allegations do *not* include allegations that Defendants misappropriated Epicor's customer lists, pricing information or business methodologies, (*see* TAC ¶ 273-277), which are the sole basis of the trade secrets claim.  *Cf. id.* ¶¶ 54-62, 184.  Likewise, Defendants

---

[10] Defendants also imply the claims should be preempted due to "the specific allegations added to the TAC by this Twelfth claim."  *See* Mtn. at 20:13-14. However, the TAC did not add any new factual allegations to the body of the UCL claim.  *See* Dkt. No. 184-3 (redline of the TAC against SAC).

acknowledgment that the Unjust Enrichment Claim is based on the usurpation of software and websites, Mtn. at 21:11-16, rebuts Defendants' assertion that the Unjust Enrichment claim is a restatement of the trade secrets claim because the trade secrets claim does not place at issue such software or websites. *See* TAC ¶¶ 179-187.

Defendants' concessions that the claim places at issue "additional activity" contemporaneous with Defendants alleged misappropriation of trade secrets, (Mtn. at 21:1-5), does not support preemption; to the contrary, it defeats it. *See Titan Global*, 2012 WL 6019285, at *10  (claims are not preempted if they allege facts that go "beyond trade secret misappropriation"); *see also*, *Cole Asia Bus. Ctr.*, 2013 WL 3070913, *6 (finding claims not preempted by CUTSA; "Counterclaimants do make allegations against all Counterdefendants going beyond their trade secret claims").  Likewise, Defendants' acknowledgment that the factual allegations supporting the claim are "not identical" to the misappropriation claim, (Mtn. at 22:13-17), is fatal to the suppression argument, even under the authorities advanced by Defendants.  *See, e.g.*, *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) (discussing preempted claims that were "based on the identical nucleus of facts as those alleged in the claim for misappropriation").

Defendants' attacks on the unjust enrichment claim largely rehash their incorrect "incorporation by reference" and "additional elements" arguments.  Mtn. at 21:17-31:17.  These arguments fail for the reasons discussed above.  *See Banks.com*, 2010 WL 727973, at *3; *Sunpower*, 2012 WL 6160472, at *12.  Further, to the extent that the claim incorporates prior factual allegations and prior causes of action which Defendants either do not contend are preempted or where Defendants argument fails, the unjust enrichment claim cannot be preempted.

### D.   DEFENDANTS' AUTHORITIES DICTATE AGAINST SUPERSESSION

Defendants argue at length that five cases require dismissal of the claims

because the "allegations at the root of each [Challenged Claim] are the same allegations of fact that are at the nucleus of Epicor's CUTSA claim."  Mtn. at 12:5-8, citing *Mattel*, 782 F. Supp. 2d 911; *SunPower,* 2012 WL 6160472; *Heller v. Cepia, LLC*, No. C 11-01146 JSW, 2013 WL 13572 (N.D. Cal. Jan. 4, 2012); *Robert Half*, 2014 WL 727405; and *K.C. Multimedia*, 171 Cal. App. 4th 939; s*ee also, generally*, Mtn. at 12-14.  Defendants' reliance on these cases is misplaced because, as explained above, the Challenged Claims are not rooted in the misappropriation of the customer lists, price lists and business methodologies, which forms the nucleus or gravamen of the trade secrets claim.  In fact, since the Challenged Claims are not based on the same factual nucleus, these cases compel the conclusion that the Challenged Claims are not superseded.

## E.    DEFENDANTS' ADDITIONAL ARGUMENTS SHOULD BE REJECTED

Defendants advance several red-herrings.  First, Defendants argue that Epicor cannot avoid supersession by arguing that its Challenged Claims are supported by additional facts or brought on another theory of liability.  Mtn. at 12-15.  Not so.  CUTSA does not preempt all theories of liability in any case where a Defendant is alleged to have misappropriated a trade secret.  *See, e.g.*, *Cellular Accessories*, 2014 WL 4627090, at *6 ("[E]ach of these tort claims is preempted . . . to the extent that it relies on the nucleus of facts of the trade secrets claim.  *However, because each is also based on some alternative set of facts as well, each claim survives preemption in part*." (emphasis added)).

Second, Defendants' argue that CUTSA precludes claims asserting other theories of liability based on additional facts.  *See* Mtn. at 12-15.  Defendants are wrong.  In fact, Defendants get the law exactly backwards:  CUTSA precludes claims that are restatements of a trade secret claim.  *See SunPower*, 2012 WL 6160472, at *3.  Additional facts are not preempted.  *See Titan Global*, 2012 WL 6019285, at *10;  *Phoenix Techs*, 2009 WL 4723400, at *5.

Finally, the rationale that underlies many of the CUTSA preemption cases cited by Defendants, that a plaintiff should not be able to circumvent a deficient trade secrets claim simply by changing legal theories with different elements, is not applicable here. *See, e.g.*, *Robert Half*, 2014 WL 7272405, at *8 ("common law tort claims are displaced by the CUTSA where they 'do not genuinely allege 'alternative legal theories' but are a transparent attempt to evade the strictures of CUTSA by restating a trade secrets claim as something else'"; breach of fiduciary duty claim not preempted since it was not a "transparent attempt to evade . . . CUTSA"). First, Defendants do not and cannot contest the viability of the trade secrets claim or, apart from the preemption issue, the viability of the Challenged Claims. Second, as explained above, the Challenged Claims are based on different operative facts and are not mere attempts to re-label a trade secrets claim as something else.[11]

## F.   DEFENDANTS' AUTHORITIES DO NOT SUPPORT DISMISSING A CLAIM WITH PREJUDICE

Defendants argue that any dismissal should be with prejudice. But Defendants' own authorities reflect that a plaintiff should be given leave to amend to plead a basis that is independent of a trade secrets claim. *See, e.g.*, *SunPower*, 2012 WL 6160472, at *16. Sound policy dictates against dismissing claims based on pleading technicalities, let alone on the type of hyper-technicality that Defendants advocate here. *See Foman*, 371 U.S. at 181-82. Even if a taint exists, it can easily be corrected by way of amendment. Accordingly, should the Court believe that any of the Challenged Claims to be superseded, Epicor requests leave to amend.

---

[11] Defendants also argue that Epicor should not be heard to argue that its claims assert the misappropriation of non trade secret information. Mtn. at 10. The law on this point is a "somewhat unsettled area of California law." *Mediostream*, 869 F. Supp. 2d at 1116. In any event, as discussed above, the gravamen of the Challenged Claims are not based on such assertions. A scattershot of references to confidential information or the like does not alter the gravamen of those claims.

1    **V.     <u>CONCLUSION</u>**

2           For each of the above-stated reasons, Plaintiff Epicor Software Corporation

3    respectfully requests that Defendants' motion be denied in its entirety.

4

5    Dated:  March 16, 2015

                                            JONES DAY

6

7                                           By: */s/ Richard J. Grabowski*

8                                               Richard J. Grabowski

9                                           Attorneys for Plaintiff
                                            Epicor Software Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3    I hereby certify that on March 16, 2015, I filed the foregoing document with

the Court through this district's CM/ECF system. Pursuant to Local Rule 5-3.3, the

4    "Notice of Electronic Filing" automatically generated by CM/ECF at the time the

5    document is filed with the system constitutes automatic service of the document on

6    counsel of record who have consented to electronic service.

7

8                                              */s/ Richard J. Grabowski*
                                                Richard J. Grabowski
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28