JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPICOR SOFTWARE CORPORATION, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALTERNATIVE TECHNOLOGY SOLUTIONS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 8:13-cv-00448-CJC-JCGx<br><br>**STIPULATED JUDGMENT AND CONSENT DECREE**<br><br>**Hon. Cormac J. Carney** |

　　　The Court hereby enters JUDGMENT for Plaintiff Epicor Software Corporation ("Epicor") and against Defendants Alternative Technology Solutions, Inc. ("Alternative"), Vivian Keena ("Keena"), Donna Barnett ("Barnett"), Edward Cleary ("Cleary"), Mark Stuvetraa ("Stuvetraa"), Allan Ward ("Ward"), and Sassan Yazdpouri ("Yazdpouri") (collectively, "Defendants"), pursuant to the following findings:

　　　1.　　This Court has subject matter jurisdiction over this matter, under 28 U.S.C. §§ 1331 and 1338, in that it is a civil action arising under the laws of the

United States, specifically 17 U.S.C. § 501, 15 U.S.C. § 1114, and 15 U.S.C. § 1125. This Court has supplemental jurisdiction over the claims asserted under the laws of California pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). Personal jurisdiction over all Defendants is proper in this judicial district.

3. Plaintiff Epicor is a corporation organized and existing under the laws of the State of Delaware.

4. Defendant Alternative is a corporation organized and existing under the laws of the State of California. Its principal place of business is in the County of Orange, in the State of California.

5. Defendant Keena is an individual residing in Laguna Niguel, CA.

6. Defendant Barnett is an individual residing in Aliso Viejo, CA.

7. Defendant Cleary is an individual residing in Waltham, MA.

8. Defendant Stuvetraa is an individual residing in San Diego, CA.

9. Defendant Ward is an individual residing in Venice, FL.

10. Defendant Yazdpouri is an individual residing in La Jolla, CA.

11. Among the products and services it offers, Epicor develops and markets a wide range of enterprise resource planning ("ERP") solutions. "Enterprise resource planning" is a category of software that permits a company to manage and integrate the key components of its business, such as sales, purchasing, marketing, planning, inventory, human resources and finance. ERP software facilitates the integration of these business functions and processes, such that different departments may seamlessly communicate and share information with one another using a common database.

12. Epicor has spent tens of millions of dollars developing its suite of copyrighted ERP products, including "Epicor 9" and its latest flagship ERP product, "Epicor 10." Epicor's ERP products are made available to customers, on a

licensed basis and fees that vary depending on the size of the company, number of users, and extent of the use.

13. Epicor also offers consulting services to further assist its customers with implementation, training, process improvement, and software customization (collectively "Epicor Services").

14. Epicor is engaged in providing Epicor Services with respect to various products, including: aVP/bVP, BisTrack, LumberTrack, Epicor CMS, Epicor SLS, Eagle, Eclipse, Epicor ERP, HCM, iScala, Mattec, Prelude, Prophet 21, Vision, Enterprise, Manage 2000 (M2K), Avante, DataFlo, InfoFlo, Manfact, Epicor for Services Enterprises (E4SE), Clientele, Acclaim, Epicor 9/10, Vantage, Vista, Tropos, and HRMS (collectively, "Epicor Software Products").

15. On March 18, 2013, Epicor filed this action. The most recent Complaint charged Defendants with, among other things, copyright infringement, trade secret misappropriation, trademark infringement, false advertising, violations of the Computer Fraud and Abuse Act 18 U.S.C. §1030(a), violations of Cal. Pen. Code Section 502(c), and breach of contract.

16. Defendants have agreed that Judgment may be entered against them as provided herein.

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

17. Judgment shall be entered in favor of Epicor and against each of the Defendants.

18. Alternative, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the foregoing who receive notice of this Order, and Keena, Barnett, Ward, Yazdpouri, Cleary and Stuvetraa, are permanently ENJOINED from:

     a) Using for any purpose the confidential and proprietary trade secret information of Epicor as alleged in this lawsuit, and/or further acts of unlawful competition, including any disclosure or use in any manner of Epicor's confidential and proprietary trade secret information;

     b) Possessing, copying, using, or accessing any Epicor Software Product without a valid license;

     c) Accessing EPICweb or any other Epicor support or customer website without a valid password issued specifically to such Defendant by Epicor, and not withdrawn; and

     d) Using Epicor's name or trademarks for advertisements or any other purpose in a way that suggests any sponsorship, affiliation, or partnership with Epicor.

Use of Epicor's confidential and proprietary trade secret information obtained by a Defendant with Epicor's express written consent does not constitute a violation of this paragraph 18 or its subparagraphs.

19. Defendants shall immediately destroy all Epicor confidential or proprietary trade secret information, including, without limitation, customer lists, customer contacts, customer information, business plans and pricing arrangements in their possession, custody, or control. Within 5 business days from the date of this Judgment, each Defendant shall provide Epicor with a declaration under oath that they have complied with this paragraph.

20. If a Defendant, other than Defendants Cleary and/or Stuvetraa, violates this Stipulated Judgment and Consent Decree, for each such violation a monetary Judgment shall be entered in favor of Epicor and against the violating Defendant(s) in the amount of $250,000. The Parties agree this amount is reasonable and does not constitute a penalty.

21. This Court shall retain jurisdiction of this matter and of the parties for the purpose of enforcing the provisions of this decree.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated this 7th day of April, 2016.

_____
The Honorable Cormac J. Carney
United States District Judge